No. 253.—SUCCESSION OF WILLIAM ARICK, in Opposition to Tableau of Debts.

The inferior court is bound to confine its examination of a cause that has been remanded to the questions that have not been finally passed upon by the appellate court.

A due bill for money can not be compensated by a conditional obligation or liability of a surety on an administrator's bond.

APPEAL from the Parish Court of Bossier. *Baker*, parish judge. *T. M. Fort*, for the heirs appellees. *J. D. Watkins*, for opponents and appellants. *Griffin & Snider*, and *Richard W. Turner*, for intervenor and appellant.

HOWE, J. This cause was before this court in July, 1870. 22 An. 501. It was then finally decided as to all items of the tableau save one—item No. 8—and was remanded for the sole purpose of deciding the amount of credits due on that item.

Instead of confining the contest to the point thus indicated the judge *a quo* permitted certain heirs, who in the contest before us had been represented by the attorney of absent heirs to come in and dispute item No. 7, which had been finally homologated by this court. 22 An. p. 503, 504.

In this we think the judge *a quo* erred. The heirs were represented before us, the only defense made against item No. 7 was decided adversely to their views, and the judgement upon it was final.

The judge *a quo* then permitted the item No. 8, a due bill, to be com-

pensated by an alleged claim of the succession, or its heirs, against Stinson, the holder of the bill, which claim is founded upon the fact that Stinson was surety on the official bond of a former administrator of this succession, and the allegation that the said administrator was indebted to the succession. We apprehend that this ruling was erroneous. A written due bill, or promise to pay a certain sum, ought not to be compensated by a conditional obligation like that of Stinson as surety.

Considering that the item No. 7 was finally adjudged last year to be a valid and subsisting debt of the succession in favor of its holder, Stinson, we have only to consider, as already stated, the credits due on the item No. 8. In addition to the credit thereon indorsed February 1, 1859, of $5,942 99, which is a settlement up to that date, and behind which we will not inquire, we find that the succession is entitled to a further credit of $1,490 12, as of June 1, 1859.

It is therefore ordered that the judgment appealed from be reversed. It is further ordered that the item No. 8 on said tableau of debts, to wit: a due bill of $13,733 10, dated March 8, 1858, reduced by a credit of $5,942 99, as of February 1, 1859, and the further credit of $1,490 12, as of June 1, 1859, be homologated and decreed a valid and subsisting debt of this succession, jointly with B. F. Looney, in favor of R. T. Stinson, and the said succession liable for the one-half of the balance due thereon with interest at five per cent. per annum, to be paid in due course of administration, and that the appellees pay costs of appeal.